UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOHN BELL,

        Plaintiff,

   v.

PAUL E. LEHR, et al.,

        Defendants.

No. 2:13-cv-02483-MCE-KJN

**MEMORANDUM AND ORDER**

    Defendant Paul E. Lehr ("Lehr") moves for entry of an order withdrawing reference of this action to the United States Bankruptcy Court pursuant to 28 U.S.C. § 157(d). See Motion to Withdraw Reference ("Motion"), Nov. 26, 2013, ECF No. 1. Lehr's co-Defendants joined the Motion, which John Bell, who was appointed as Trustee of the Bankruptcy Estate ("Plaintiff" or "Trustee"), timely opposed. See ECF No. 3 at 2-3; 7-8. For the following reasons, the Court finds that withdrawal of the reference is premature. Lehr's Motion is thus DENIED without prejudice.[1]

///

///

///

---

[1] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local R. 230(g). See Minute Order, Feb. 4, 2014, ECF No. 5.

# BACKGROUND[2]

On August 18, 2011, Debtor Colleen Perri Lehr ("Debtor") filed a Voluntary Petition for bankruptcy under Chapter 7 of the Title 11 of the United States Code. Plaintiff was appointed Trustee of Debtor's estate and thereafter initiated an adversary proceeding, Case No. 13-02257, against Lehr; Pekk, LLC.; Kevin Perri Lehr; Kristopher Perri Lehr; Erica Perri Lehr; and Paul E. Lehr as custodian for Paul Kurtis Perri Lehr (collectively "Defendants").  Plaintiff's Complaint set forth causes of action for: (1) Avoidance of Fraudulent Transfers; (2) Avoidance of Fraudulent Transfers under California state law; (3) Turnover of Property and Accounting; (4) Civil Conspiracy; and (5) Declaratory Relief.

Plaintiff filed the adversary complaint in the Bankruptcy Court pursuant to this Court's General Orders.  See, e.g., U.S. Dist. Ct. for the E.D. Dist. of Cal., General Orders 182 (1985); 223 (1987).  Lehr now moves to withdraw the reference of this proceeding to this Court instead.  According to Lehr, cause for withdrawal exists because Defendants are entitled to a jury trial on three of Plaintiff's causes of action. See Motion, ECF No. 1.

On October 3, 2013, the Bankruptcy Court entered a Pretrial Scheduling Order ("PTSO").  According to the PTSO, discovery in this matter was scheduled to close on January 31, 2014, and a pretrial conference is scheduled for February 26, 2014.  The Bankruptcy Court anticipates holding a trial within two to six weeks after the pretrial conference.  The PTSO does not contain a timeline for adjudication of any dispositive motions.

///
///
///

---

[2] Unless otherwise noted, the facts are taken from Plaintiff's Motion and attached exhibits.  Mot., Nov. 26, 2013, ECF No. 1.

**STANDARD**

District courts have original jurisdiction over cases arising under the Bankruptcy Code.  This Court has exercised its authority under 28 U.S.C. § 157(a) to refer all bankruptcy matters in the first instance to the district's bankruptcy judges. See General Orders 182 (1985) and 223 (1987).  Nevertheless, pursuant to 28 U.S.C. § 157(d), the district court may "withdraw, in whole or in part, any case or proceeding referred under . . . [§ 157(a)], on its own motion or on timely motion of any party, for cause shown."  "Cause to withdraw a reference exists where a party has a right to a trial by jury and does not consent to having that trial in the bankruptcy court."  In re Wolverine, Proctor & Schwartz, LLC, 404 B.R. 1, 2-3 (D. Mass. 2009) (internal citation omitted); see In re Cinematronics, Inc., 916 F.2d 1444, 1451 (9th Cir. 1990) (agreeing with "several courts [that] have concluded that where a jury trial is required and the parties refuse to consent to bankruptcy jurisdiction, withdrawal of the case to the district court is appropriate") (internal citations omitted).  Cf. In re Dyer, 322 F.3d 1178, 1194 (9th Cir. 2003) ("[T]he bankruptcy court is unable to preside over a jury trial absent explicit consent from the parties and the district court.").  "Among the proper considerations on whether to withdraw the reference, are the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other similar issues." In re SK Foods, L.P., CIV. S-13-1363 LKK, 2013 WL 5494071, at *2 (E.D. Cal. Oct. 1, 2013) (citing Security Farms v. Int'l Brotherhood of Teamsters, 124 F.3d 999, 1008 (9th Cir.1997).

**ANALYSIS**

Here, Lehr moves for withdrawal of the reference of this action under 28 U.S.C. § 157(d) on the grounds that the Defendants are entitled to a jury trial on Plaintiff's first, second, and fourth causes of action for Avoidance of Fraudulent Transfers; Avoidance of

1  Fraudulent Transfers under California state law; and Civil Conspiracy.  Lehr further
2  contends that interests of judicial economy justify withdrawing the entire adversary
3  proceeding, even though no right to a jury trial is implicated by Plaintiff's two other
4  causes of action.
5       Plaintiff opposes withdrawal of any of his causes of action asserting that
6  Defendants "have effectively filed a counterclaim in the case and are therefore not
7  entitled to a jury trial or to have the reference withdraw in this Adversary Proceeding as
8  to any cause of action."  Statement of Position ("Opp'n"), Dec. 9, 2013, ECF No. 3 at 12.
9  Specifically, Plaintiff contends that the Defendants are essentially claimants of the
10 bankruptcy estate who have waived their right to a jury trial by "effectively fil[ing] a
11 counterclaim in the case" requesting "affirmative relief" in the form of a request for
12 attorneys' fees and costs and for recovery under section 550(e) of the bankruptcy code.
13 Id.  Moreover, "should the District Court find that [Defendants] are entitled to a jury trial
14 [on three of the causes of action] . . . Plaintiff will still oppose withdrawal of the reference
15 as to the [remaining causes of action]" on which Defendants are not entitled to a jury
16 trial.  Id.
17      At this time, the Court is inclined to agree with Defendants that they have not
18 waived their right to a jury trial on the pertinent claims.  See In re British Am. Properties
19 III, Ltd., 369 B.R. 322, 330 n.8, 332-33 (Bankr. S.D. Tex. 2007) (award of attorneys' fees
20 in defending the adversary proceeding did not convert counterclaimant into a creditor);
21 Container Recycling Alliance v. Lassman, 359 B.R. 358, 365 (D. Mass. 2007) ("In sum,
22 where the defendant in an adversary action . . . has not filed a proof of claim but asserts
23 claims for recoupment once sued, the defendant does not seek an affirmative recovery
24 from the estate, but rather a fair accounting of the amount the estate is entitled to based
25 on the resolution of a single, disputed, underlying transaction.").  The two remaining
26 claims, which request that the Court determine which property is part of the Debtor's
27 estate and the turnover of the estate's property, are, however, quintessential bankruptcy
28 matters.  Moreover, the Bankruptcy Court has been handling the underlying Bankruptcy

case and related adversary proceedings since 2011.  See Case No. 11-40159 (bankruptcy proceedings for Colleen Perri Lehr); Case No. 11-02683 (Wells Fargo Bank, N.A. v. Lehr); Case No. 11-02749 (Perri Electric v. Lehr, et al.).  As a result, the Bankruptcy Court is intimately familiar with this case.  See Kenai Corp. v. Nat'l Union Fire Ins. Co. (In re Kenai Corp.), 136 B.R. 59, 61 (S.D.N.Y.1992) (finding that "[g]iven [the bankruptcy's judge's] familiarity with the bankruptcy case involving [the debtor], [the bankruptcy judge] is in the best position to monitor all the proceedings related to that bankruptcy, including this adversary proceeding.").  Accordingly, to ensure uniformity in this matter and to expedite proceedings, until this matter is completely ready for trial, this Court finds that efficiency and judicial economy demand that the Bankruptcy Court continue to handle all pretrial matters, including discovery and the adjudication of dispositive motions, for all five causes of action leading up to a jury trial.  See Sigma Micro Corp. v. Healthcentral.com (In re Healthcentral.com), 504 F.3d 775, 786-787 (9th Cir. 2007) (even if jury trial right exists, the bankruptcy court may hear all matters properly brought before the trial commences).  Allowing the bankruptcy court to handle the discovery issues, settlement conferences, and motion practice in this adversary proceeding is the most efficient outcome because that court "supervis[ed] the other adversary proceedings filed in connection with the bankruptcy estate."  Field v. Levin, CIV. 11-00394 SOM, 2011 WL 3477101 at *3 (D. Haw. Aug. 8, 2011).  Indeed, "[o]nly by allowing the bankruptcy court to retain jurisdiction over the action until trial is actually ready do we ensure that our bankruptcy system is carried out."  In re Healthcentral.com, 504 F.3d 775, 788 (9th Cir. 2007) (emphasis in original).

Accordingly, the Court holds that "[t]ransfer of this case would be premature at this time."  Field, 2011 WL 3477101 at *3; see Levine v. M & A Custom Home Builder & Developer, LLC, 400 B.R. 200, 207 (S.D. Tex. 2008) (noting that "[t]he right to a jury trial does not preclude a bankruptcy court from resolving pre-trial dispositive motions. A right to a jury trial does not arise until jury issues are presented"); see also McFarland v. Leyh, 52 F.3d 1330, 1339 (5th Cir.1995) ("No right to a jury trial arises if no jury issue is

1  presented to the court."). This is especially true here, where dispositive motions may still
2  be entertained by the bankruptcy court. See, e.g., Bankruptcy Court Local Rule 7056-1
3  (allowing for Motions for Summary Judgment or Partial Summary Judgment); see also
4  Ries v. Paige (In re Paige), 2007 WL 4530807 at *6 (Bankr. N.D. Tex. Dec. 19, 2007)
5  ("Where the final disposition of a cause of action does not rest on the determination of
6  disputed facts—that is, where it is amenable to summary adjudication under Rule
7  12(b)(6) or Rule 56—the Seventh Amendment right to a jury trial does not even come
8  into play") (internal citations omitted); Allen v. Biggs, 62 F.Supp. 229, 230 (E.D. Pa.
9  1945) (where plaintiff's complaint is subject to dismissal or nonsuit, there is no right to
10 jury trial). Moreover, Defendants have not shown that they will suffer any "measurable
11 injury or prejudice if the case is not withdrawn now." In re Kenai Corp., 136 B.R. 59, 62
12 (S.D.N.Y. 1992) (internal citation omitted) (denying defendant's motion to withdraw
13 reference in the interest of judicial economy and sound judicial administration, while
14 noting that if the case "proceeds to trial, defendant may renew its motion at that time").

15         Upon a finding by the Bankruptcy Court that all pre-trial proceedings for this
16 Adversary Proceeding have concluded, including the adjudication of any dispositive
17 motions or the passing of a deadline to bring dispositive motions, Defendants may renew
18 their motion to withdraw the reference for the causes of action to which they are entitled
19 to a jury trial. Cf. Field, 2011 WL 3477101 *4 ("Should a jury trial ultimately be warranted
20 and necessary, Defendants may again seek to withdraw the action to this court after all
21 pretrial matters have been resolved in the bankruptcy court.").

22         The parties are advised that the Supreme Court has emphasized the importance
23 of the Seventh Amendment Right to a Jury Trial in certain scenarios in the bankruptcy
24 context. See, e.g., Granfinanciera, S.A., 492 U.S. at 63. Part of that right is the notion
25 that "[w]hen claims involving both legal and equitable rights are properly joined in a
26 single case, the Seventh Amendment requires that all factual issues common to these
27 claims be submitted to a jury for decision on the legal claims before final court
28 determination of the equitable claims." Allison v. Citgo Petroleum Corp., 151 F.3d 402,

1   423 (5th Cir.1998).  Therefore, as to any overlapping factual issues between Plaintiff's
2   First, Second, and Fourth Causes of Action to which Defendants are likely entitled to a
3   jury trial, and Plaintiff's Third and Fifth Causes of Action to which Defendants are not
4   entitled to a jury trial, the Bankruptcy Court shall adhere to the jury's findings when
5   adjudicating any remaining causes of action.  Thus, to the extent that there are
6   overlapping factual issues between these causes of action, it is incumbent upon
7   Defendants, should they bring a renewed motion for an order withdrawing the reference,
8   to move to stay proceedings on the remaining causes of action in the Bankruptcy Court
9   until completion of a jury trial in the District Court.
10        Finally, as noted, according to the PTSO, a pretrial conference is scheduled in the
11  bankruptcy court for February 26, 2014.  See ECF No. 17, 2:13-ap-2257.  The
12  Bankruptcy Court anticipates holding a trial in this matter within two to six weeks of the
13  pretrial conference.  Id.  As the parties may be aware, the scheduling of a jury trial in this
14  matter may significantly delay the final adjudication of this adversary proceeding.
15  However, the Supreme Court addressed this concern by stating that although "[i]t may
16  be that providing jury trials in some [bankruptcy matters such as] fraudulent conveyance
17  actions  . . . impede[s] [the] swift resolution of bankruptcy proceedings and increase[s]
18  the expense of [bankruptcy actions] . . . these considerations are  insufficient to
19  overcome the clear command of the Seventh Amendment."  Granfinanciera, S.A.,
20  492 U.S. at 63 (internal citations omitted).  Thus, any delay in proceedings is a justifiable
21  result of the Constitution's guarantee of a jury trial on certain causes of action.[3]
22  ///
23  ///
24  ///
25
26  [3] As a procedural matter, should Defendants bring a second motion for withdrawal of the reference of this matter to the District Court and should that motion be granted in whole or in part, this Court will subsequently issue a Pretrial Scheduling Order ("PTSO") which will include a trial date and other pre-trial
27  information.  In addition, as is this Court's practice, this Court will hold its own Final Pretrial Conference regardless of whether the Bankruptcy Court also holds a pretrial conference as scheduled on February 26,
28  2014.  See ECF No. 17, 2:13-ap-2257.

**CONCLUSION**

Because withdrawal of this matter from the bankruptcy court at this time would waste judicial resources and increase delay and costs to the parties, as well as jeopardize the uniformity of bankruptcy administration, there is no good cause to withdraw the reference at this point.  Defendants' motion is DENIED without prejudice.  If Defendants decide to bring a motion to withdraw reference after the close of all pre-trial proceedings, the Court directs the moving party to file its motion on the docket for this matter and to inform the Clerk of Court that its motion is related to the present case, No. 2:13-cv-02483-MCE-KJN, and should therefore be assigned to the same judge. Further, the parties are advised that to protect their Seventh Amendment right to a jury trial, and their corresponding right to have the jury trial proceed first, that a motion for a stay in the bankruptcy court for any non-withdrawn causes of action may be warranted should there be any overlapping factual issues. See Allison v. Citgo Petroleum Corp., 151 F.3d 402, 423 (5th Cir. 1998).

For the reasons set forth above, IT IS HEREBY ORDERED THAT:

1. Defendant Paul E. Lehr's Motion to Withdraw Reference, ECF No. 1, is DENIED without prejudice.
2. The Clerk of the Court SHALL TRANSMIT a copy of this order to the United States Bankruptcy Court, Eastern District of California, for filing as a related document on the docket for adversarial proceeding John Bell v. Paul E. Lehr, et al., Case No. 13-2257.

This matter is hereby REMANDED to the Bankruptcy Court.

IT IS SO ORDERED.

Dated:  February 6, 2014

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT