UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BELL, CHAPTER 7 TRUSTEE | No. 2:13-cv-02483-MCE-KJN |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| PAUL E. LEHR, et al. | |
| Defendants. | |

Defendants PEKK, LLC and Paul E. Lehr as custodian for minor Paul-Kurtis Perri Lehr (collectively "Defendants") move for entry of an order withdrawing reference of this action to the United States Bankruptcy Court pursuant to 28 U.S.C. § 157(d).  ECF No. 7.  Plaintiff did not file an opposition to Defendants' Motion.  This is the second time a defendant in this case has filed a motion to withdraw reference.  See ECF No. 1.  The Court previously determined that a motion to withdraw reference was premature because the pretrial proceedings should be handled by the bankruptcy court.  See ECF No. 6.  As the pretrial proceedings have since concluded, the Court finds that withdrawal of the reference is timely.  For the reasons set forth below, Defendants' Motion is GRANTED.

///

///

**BACKGROUND**

On August 18, 2011, Debtor Colleen Perri Lehr ("Debtor") filed a Voluntary Petition for bankruptcy under Chapter 7 of the Title 11 of the United States Code. Plaintiff John Bell ("Plaintiff") was appointed Trustee of Debtor's estate.  On August 16, 2013, Plaintiff initiated an adversary proceeding in bankruptcy court, Case No. 13-02257, against Paul Lehr, Pekk, LLC, Kevin Perri Lehr, Kristopher Perri Lehr, Erica Perri Lehr, and Paul E. Lehr as custodian for Paul-Kurtis Perri Lehr.  Plaintiff's Complaint set forth causes of action for: (1) Avoidance of Fraudulent Transfers; (2) Avoidance of Fraudulent Transfers under California state law; (3) Turnover of Property and Accounting; (4) Civil Conspiracy; and (5) Declaratory Relief.

On November 26, 2013, Defendant Paul E. Lehr filed a motion to withdraw reference of this proceeding from the bankruptcy court to the district court. ECF No. 1. Lehr's co-defendants joined the motion.   Lehr argued that removal was appropriate because the defendants in this case are entitled to a jury trial on three of their claims and do not consent to having that trial in bankruptcy court. Id.  This Court ultimately determined that the motion was premature, holding that the pretrial matters should be decided by the bankruptcy court because that court was already familiar with the case, and because two of Plaintiff's claims were "quintessential bankruptcy matters." ECF No. 6 at 4, 5. Accordingly, the case was remanded back to bankruptcy court on February 7, 2014. Id. at 8.  This Court noted, however, that upon a finding by the bankruptcy court that the pretrial proceedings had concluded, one or all of the defendants in this case could renew the their motion to withdraw reference. Id. at 6.

On April 23, 2015, the bankruptcy court certified that it had concluded all pretrial proceedings. See Ex. E, Stone Decl., ECF No. 7-1 at 85.  On May 1, 2015, Defendants renewed the pending Motion to Withdraw Reference. ECF No. 7.

///

///

# STANDARD

District courts have original jurisdiction over cases arising under the Bankruptcy Code. This Court has exercised its authority under 28 U.S.C. § 157(a) to refer all bankruptcy matters in the first instance to the district's bankruptcy judges. See General Orders 182 (1985) and 223 (1987). Nevertheless, pursuant to 28 U.S.C. § 157(d), the district court may "withdraw, in whole or in part, any case or proceeding referred under . . . [§ 157(a)], on its own motion or on timely motion of any party, for cause shown." "Cause to withdraw a reference exists where a party has a right to a trial by jury and does not consent to having that trial in the bankruptcy court." In re Wolverine, Proctor & Schwartz, LLC, 404 B.R. 1, 2-3 (D. Mass. 2009) (internal citation omitted); see In re Cinematronics, Inc., 916 F.2d 1444, 1451 (9th Cir. 1990) (agreeing with "several courts [that] have concluded that where a jury trial is required and the parties refuse to consent to bankruptcy jurisdiction, withdrawal of the case to the district court is appropriate") (internal citations omitted). Cf. In re Dyer, 322 F.3d 1178, 1194 (9th Cir. 2003) ("[T]he bankruptcy court is unable to preside over a jury trial absent explicit consent from the parties and the district court."). "Among the proper considerations on whether to withdraw the reference, are the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other similar issues." In re SK Foods, L.P., CIV. S-13-1363 LKK, 2013 WL 5494071, at *2 (E.D. Cal. Oct. 1, 2013) (citing Security Farms v. Int'l Brotherhood of Teamsters, 124 F.3d 999, 1008 (9th Cir. 1997).

# ANALYSIS

Defendants move for withdrawal of the reference of this action under 28 U.S.C. § 157(d) on the grounds that the Defendants are entitled to a jury trial on Plaintiff's first, second, and fourth causes of action for Avoidance of Fraudulent Transfers, Avoidance of

Fraudulent Transfers under California state law, and Civil Conspiracy. In response to the first motion to withdraw reference, Plaintiff contended that Defendants became claimants of the bankruptcy estate and waived their right to a jury trial by requesting "affirmative relief" in the form of a request for attorneys' fees and costs and for recovery under section 550(e) of the Bankruptcy Code.[1] ECF No. 3 at 12. As previously stated, Defendants' request for attorneys' fees was not a waiver of the right to a jury trial on the pertinent claims. See Order, ECF No. 6, at 4 (citing In re British Am. Properties III, Ltd., 369 B.R. 322, 330 n.8, 332-33 (Bankr. S.D. Tex. 2007); Container Recycling Alliance v. Lassman, 359 B.R. 358, 365 (D. Mass. 2007)).

Thus, the only remaining issue that must be addressed in this Order is whether Plaintiff's Avoidance of Fraudulent Transfers and Civil Conspiracy claims entitle Defendants to a jury trial. The United States Supreme Court has clearly stated that fraudulent conveyance claims are "quintessentially suits at common law" that "constitute no part of the proceedings in bankruptcy but concern controversies arising out of it." Granfinanciera S. A. v. Nordberg, 492 U.S. 33, 56 (1989); see also In Re Bellingham Ins. Agency, Inc., 702 F.3d 553 (9th Cir. 2012) ("fraudulent conveyance claims, because they do not fall within the public rights exception, cannot be adjudicated by non-Article III judges"). Additionally, neither party disputes that a noncreditor defendant is entitled to a jury for a civil conspiracy cause of action. See In re Hassan, 376 B.R. 1, 20-21 (Bankr. D. Kan. 2007) (noting that "[m]any years ago, the Supreme Court [in Curriden v. Middleton, 232 U.S. 633, 635-36 (1914)] declared that a claim for damages based on an alleged conspiracy to defraud was a legal one").

As Defendants do not consent to bankruptcy court jurisdiction and timely demanded a jury trial on this matter, the Court finds cause to withdraw the bankruptcy reference. In re Cinematronics, Inc., 916 F.2d at 1451.

///

///

---

[1] Plaintiff did not file an opposition to Defendants' renewed Motion to Withdraw Reference.

**CONCLUSION**

For the foregoing reasons, Defendants' Motion to Withdraw Reference (ECF No. 7) is GRANTED.  Accordingly, the hearing on this Motion, currently set for August 6, 2015, is hereby VACATED.

Plaintiff's first, second, and fourth causes of action for Avoidance of Fraudulent Transfers; Avoidance of Fraudulent Transfers under California state law; and Civil Conspiracy will be tried in this Court before a jury.  This Court will subsequently issue a Pretrial Scheduling Order, which will include a trial date and other pretrial information.

IT IS SO ORDERED.

Dated:  July 29, 2015

MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT